CORLEY *v.* THE STATE.

LUMPKIN, J.—1. Newly discovered evidence to discredit the only witness for the State is not cause for granting a new trial over the refusal of the trial judge.
2. That the accused refused to sell liquor to another is not admissible evidence to show that he did not sell to a particular person on a different occasion.      *Judgment affirmed.*

May 27, 1891.

Criminal law. Liquor. Evidence. New trial. Before Judge HINES. Rockdale superior court. September adjourned term, 1890.

Corley was indicted for illegal sale of liquor in Rockdale county, and upon conviction he moved for a new trial on the general grounds and because of newly discovered evidence. At the trial one Brodnax testified that he bought a pint of brandy from the defendant at his home in Rockdale county, and in a day or two afterwards paid him twenty-five or thirty cents for it; that defendant lived near the Gwinnett county line, and was running a distillery in that county; that he had no ill-will against defendant, but did object to the distillery, as it was not far from where he (witness) lived; and that he did not prosecute. The defendant introduced no evidence, but stated that he never sold Brodnax any brandy but gave him a pint, for which no charge was made, that Brodnax never paid him anything for it then or afterwards, and that Brodnax had had a grudge against him ever since he put up a dis-

tillery in Gwinnett county near where he lived. The newly discovered testimony was in two affidavits : (1) Brodnax told affiant, when he was putting up a mill at the still-house, that he need not put up any mill there, for if he could not break the thing up in one way he would in another, meaning that if he could not prohibit Corley by law from putting up the still, he would prosecute him. (2) Brodnax told affiant that he got some brandy from Corley, and that Corley told him he could not sell the brandy, having no license to sell in Rockdale county. Affiant went to Corley in Gwinnett county to get half a gallon of whiskey, but Corley would not let him have it, saying he had license to sell by the gallon and could not sell less.

J. R. IRWIN and A. C. McCALLA, for plaintiff in error.
EMMETT WOMACK, solicitor-general, *contra*.